BOYD, Chief Justice.
This rulemaking proceeding is before the Court on the petition of The Florida Bar for adoption of a new provision to be added to the Integration Rule of The Florida Bar as article XI, Rule 11.02(4)(f). We have the authority to amend the Integration Rule. Art. V, § 15, Fla. Const.
As set forth in the petition, the proposed new rule is as follows:
Except as hereinafter provided, the lawyer will not disburse funds held for a client to or on behalf of that client unless the funds held for that client are collected funds. The exceptions are as follows:
(a) The deposit is made by certified or cashier’s check issued by a bank authorized to transact business in the State of Florida; or
(b) The deposit is made by a check representing loan proceeds issued by a bank, savings bank, savings and loan association or other institutional lender; or
(c) The deposit is made by a bank check, official check, treasurer’s check, or money order or other such instrument issued by a bank or savings and loan association within the State of Florida when the attorney has reasonable and prudent grounds to believe the instrument will clear and represent collected funds in the attorney’s trust account within a reasonable period of time; or
(d) The deposit is made by a check drawn on the trust account of an attorney licensed to practice in the State of Florida or on the escrow or trust account of a real estate broker licensed under Chapter 475 of the Florida Statutes when the attorney has a reasonable and prudent belief that the deposit will clear and represent collected funds in his trust account in a reasonable period of time.
The above exceptions are at the risk of the attorney. If any of the deposits fail, the attorney shall within two (2) working days after notice replace the funds in the attorney’s trust account. Violation of any part of this section is an offense punishable by disciplinary proceedings.
The proposed rule attempts to define when it is ethically permissible for a lawyer to disburse funds from his trust account intending that such disbursements be covered by contemporaneous deposits to his trust account. The problem arises because the deposits, typically checks, even when they are eventually collected and credited to the account, do not clear for several days or even weeks, while the contemporaneous disbursement check may be presented at the lawyer’s bank immediately. The problem can become more serious when the check or other instrument deposited to the lawyer’s trust account, on the strength of which the disbursements are made, is dishonored or otherwise not collected for crediting to the account.
Under article XI, Rule 11.02(4), of the Integration Rule of The Florida Bar, as well as under fundamental fiduciary principles that would be binding even in the absence of the formal adoption of a rule of discipline, money and other property held by a lawyer in trust for a client must be kept securely and used only for purposes authorized by the client and may be used for no other purpose. See also Fla. Bar Code Prof.Resp., Canon 9, Disciplinary Rule 9-102. When a lawyer acts as settlement agent at a real estate transaction closing, or the closing of some similar transaction, he typically receives checks from or on behalf of the purchaser and makes disbursements to or on behalf of the seller. For example, checks from the lender for loan proceeds and from the purchaser for his down payment may be made payable to the lawyer as settlement agent. Simultaneously, the lawyer may issue checks written on his trust account for disbursement to the seller and other persons entitled to receive funds pursuant to the transaction settlement. If the persons who receive checks written on the lawyer’s trust account present them for payment at his bank immediately, and there is a lapse of time before the items deposited to the *704 account and intended to cover the disbursements are collected and finally credited to the account, and there are funds in the account being held in trust for other clients, and the attorney does not have an arrangement for his bank to cover such disbursements made on the strength of uncollected funds, then the attorney has used the funds of other clients for an unauthorized purpose: the closing of the real estate transaction.* We are told that the proposed amendment is needed because many Florida lawyers, without corrupt motive and without guidance on how to deal with this practical ethical problem, are regularly violating article XI, Rule 11.02(4) in connection primarily with the settlement of real estate transactions. Although formally presented to us by the Board of Governors, the proposed amendment originated from and is the handiwork of the Real Property, Probate and Trust Law Section of The Florida Bar. In its brief in support of the amendment, the Bar committee says that the primary purpose of the change is to protect clients. However, the Bar acknowledges that part of the impetus for the amendment is that the ethical restrictions on attorneys are placing them at a commercial disadvantage vis-a-vis “commercial title insurance companies who are aggressively competing for the business of handling real estate transactions without the aid of attorneys, [which] can and will make immediate disbursement of closing funds, because they are unrestricted by any statute, regulations, or disciplinary rules.”
In light of the arguments of the Bar on the proposed rule and the criticisms and comments received from all respondents, we conclude that the rule should be promulgated in modified form. We also intend to ask the Bar and the membership to undertake further study of the matter and to file formal responses to our revised proposed rule as set forth below:
A lawyer may not use, endanger, or encumber money held in trust for a client, for purposes of carrying out the business of another client, without the permission of the owner given after full disclosure of the circumstances. Accordingly, except as hereinafter provided, a lawyer may not disburse funds held for a client to or on behalf of that client unless the funds held for that client are collected funds. For purposes of this provision, “collected funds” means funds deposited, finally settled, and credited to the lawyer’s trust account. Notwithstanding that a deposit made by a lawyer to his trust account has not been finally settled and credited to the account, the lawyer may disburse funds from his trust account in reliance on such deposit under any of the following circumstances:
(1) The deposit is made by certified check or cashier’s check;
(2) The deposit is made by a check representing loan proceeds issued by a federally or state-chartered bank, savings bank, savings and loan association, credit union, or other duly licensed or chartered institutional lender;
(3) The deposit is made by a bank check, official check, treasurer’s check, money order, or other such instrument issued by a bank, savings and loan association, or credit union within the State *705 of Florida when the lawyer has reasonable and prudent grounds to believe the instrument will clear and constitute collected funds in the lawyer’s trust account within a reasonable period of time;
(4) The deposit is made by a check drawn on the trust account of a lawyer licensed to practice in the State of Florida or on the escrow or trust account of a real estate broker licensed under chapter 475 of the Florida Statutes when the lawyer has a reasonable and prudent belief that the deposit will clear and constitute collected funds in his trust account within a reasonable period of time;
(5) The deposit is made by a cheek issued by the United States Government, the State of Florida or any agency or political subdivision of the State of Florida;
(6) The deposit is made by a check issued by an insurance company authorized to do business in the State of Florida and the lawyer has a reasonable and prudent belief that the instrument will clear and constitute collected funds in his trust account within a reasonable period of time.
A lawyer’s disbursement of funds from his trust account in reliance on deposits that are not yet collected funds in any circumstances other than those set forth above may be grounds for a finding of professional misconduct. In any event, such a disbursement is at the risk of the lawyer making the disbursement. If any of the deposits fail, the lawyer upon obtaining knowledge of the failure must immediately act to protect the property of his other clients.
We hereby promulgate Rule 11.02(4)(f) as set forth above, but with the effective date delayed until further order of this Court. We direct the Bar to publish this order in the next edition of The Florida Bar News. We invite responses, comments and suggestions from Bar officials, the Bar membership, and the general public. Responses should be filed within thirty days of the date of publication of this order in the Florida Bar News.
It is so ordered.
OVERTON, ALDERMAN and SHAW, JJ., concur.
ADKINS, MCDONALD and EHRLICH, JJ., dissent.

 See Virginia State Bar Legal Ethics Committee, Legal Ethics Opinion No. 183 (1980), which states as follows:
An attorney must assume that the recipients of checks drawn upon his trust account will present such checks for payment immediately at the drawee bank. Because of the time lag between deposit and collection of checks deposited by the attorney in his trust account, the payment by the drawee bank of trust account checks drawn by the settlement attorney against such uncollected items will necessarily be made from funds of other clients of the attorney who are not even parties to the real estate transaction in connection with which the settlement attorney issues his trust account checks. The attorney has thus used the funds of other clients for his own purpose — the conclusion of the real estate transaction from which he is earning a fee. To illustrate the inherent impropriety in such practices, one need only ask the rhetorical question: “Would the lawyer's other clients, not parties to the real estate transaction, be willing to lend their funds to the lawyer without interest so that he could conclude that real estate transaction?"