PER CURIAM.
This proceeding is before the Court on the petition of The Florida Bar for adoption of an amendment to the Integration Rule. We previously published the proposed new provision as modified by the Court and asked for the comments and suggestions of the Bar. The reasons underlying the perceived need for the new rule and some of the policy arguments pertaining thereto are briefly set forth in the opinion accompanying the previous publication. The Florida Bar: Amendment to the Integration Rule, Article XI, Rule 11.02(4), 467 So.2d 702 (Fla.1985). We now return to this proceeding for the purpose of entering an appropriate final determination of the matter.
We express our thanks and appreciation to all the Bar officers and members who favored the Court with comments and suggestions concerning the proposed rule. Having considered the Bar’s petition, brief, and response and the response of the Real Property, Probate, and Trust Law Section, and the various comments and suggestions received from Bar members, we now further modify and adopt new article XI, rule 11.02(4)(f) as follows:
A lawyer generally may not use, endanger, or encumber money held in trust for a client, for purposes of carrying out the business of another client, without the permission of the owner given after full disclosure of the circumstances. However, certain categories of trust account deposits are considered to carry a limited and acceptable risk of failure so that disbursements of trust account funds may be made in reliance on such deposits without disclosure to and permission of clients owning trust account funds subject to possibly being affected. Except for disbursements based upon any of the six categories of limited-risk uncollected deposits enumerated below, a lawyer may not disburse funds held for a client to or on behalf of that client unless the funds held for that client are collected funds. For purposes of this provision, “collected funds” means funds deposited, finally settled, and credited to the lawyer’s trust account. Notwithstanding that a deposit made by a lawyer to his trust account has not been finally settled and credited to the account, the lawyer may disburse funds from his trust account in reliance on such deposit under any of the following circumstances:
(1) When the deposit is made by certified check or cashier’s check;
(2) When the deposit is made by a check or draft representing loan proceeds issued by a federally or state-chartered bank, savings bank, savings and loan association, credit union, or other duly licensed or chartered institutional lender;
(3) When the deposit is made by a bank check, official check, treasurer’s check, money order, or other such instrument issued by a bank, savings and loan association, or credit union within the State of Florida when the lawyer has reasonable and prudent grounds to believe the instrument will clear and constitute collected funds in the lawyer’s trust account within a reasonable period of time;
(4) When the deposit is made by a check drawn on the trust account of a lawyer licensed to practice in the State of Florida or on the escrow or trust account of a real estate broker licensed under chapter 475 of the Florida Statutes when the lawyer has a reasonable and prudent belief that the deposit will clear and constitute collected funds in his trust account within a reasonable period of time;
(5) When the deposit is made by a check issued by the United States Government, the State of Florida or any agency or political subdivision of the State of Florida;
*1354 (6) When the deposit is made by a check or draft issued by an insurance company authorized to do business in the State of Florida and the lawyer has a reasonable and prudent belief that the instrument will clear and constitute collected funds in his trust account within a reasonable period of time.
A lawyer’s disbursement of funds from his trust account in reliance on deposits that are not yet collected funds in any circumstances other than those set forth above, when it results in funds of other clients being used, endangered, or encumbered without authorization, may be grounds for a finding of professional misconduct. In any event, such a disbursement is at the risk of the lawyer making the disbursement. If any of the ■deposits fail, the lawyer upon obtaining knowledge of the failure must immediately act to protect the property of his other clients. However, if the lawyer accepting any such check pays the amount of any failed deposit himself or secures or arranges payment from sources available to him other than trust account funds of other clients, the lawyer shall not be considered guilty of professional misconduct.
As set forth above, new rule 11.02(4)(f) is hereby adopted, effective immediately.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, MCDONALD, EHRLICH, SHAW and BARKETT, JJ., concur.